JOHN OSTROM *vs.* IRA CURTIS & another, Administrators.
ANDREW G. SHARTS *vs.* THE SAME.

The decision of the judge of probate, upon the question, whether further assets have come to the hands of an executor or administrator, so as to entitle a creditor of an insolvent estate to have the commission of insolvency opened, for the purpose of allowing him to prove his claim, under the provisions of the Rev. Sts. c. 68, § 20, is a judicial act, which is conclusive upon the parties unless appealed from, and such question is not open to inquiry on an appeal from the decision of the commissioners, allowing or disallowing the claim of a creditor.

The claim of a creditor of an insolvent estate, in whose favor the commission of insolvency is opened, under the provisions of the statute above mentioned, is not barred by any of the statutes of limitation, in consequence of the lapse of time subsequent to the closing of the first commission.

Where a creditor of an insolvent estate presented his claim to the commissioners, who, in their report to the judge of probate, returned the same, "not allowed as on file," it was held, that the files of the commissioners were admissible in evidence. as a part and explanatory of the entry on the report; and being so admit

**39 \***

ted, and it appearing therefrom, that the claim was filed by way of notice merely, and, at the time of the report, was considered as withdrawn, it was held, that such claim had not been adjudicated upon by the commissioners.

THESE were appeals by the defendants, from the decisions of the commissioners of insolvency on the estate of Philo Upson, late of Egremont, deceased, allowing the claims of the plaintiffs. The claims allowed in favor of Ostrom were two promissory notes, payable on demand, dated March 30th, and April 29th, 1840, and signed by Philo Upson. The claims of Sharts were two accountable receipts for money, signed by the agents of Upson, in New York, and bearing date January 6th and 7th, 1840.

The defendants pleaded the general issue, and filed the following specification of defence :

1. That before these proceedings were instituted, the estate of Philo Upson had been represented insolvent, and commissioners of insolvency had been appointed, who had made their final report, and that the commission had been closed, dividends decreed and paid, and that no further assets had come to the hands of the administrators.

2. That the claims in question had been presented to the commissioners originally appointed, and had been disallowed.

3. That the claims were barred by the statutes of limitation.

On the trial, which took place at the present term, before *Metcalf,* J., it appeared, that Philo Upson died on the 13th of January, 1840, and that the defendants were duly appointed and regularly qualified as the administrators of his estate ; that they returned an inventory according to law, and represented the estate as insolvent; that, on the 12th of May, 1840, commissioners of insolvency were appointed, who received and adjudicated upon the claims of creditors, and made their final report on the 4th of May, 1841 ; that the administrators rendered their accounts from time to time, and paid dividends to creditors, agreeably to the decrees of the judge of probate; that, on the 10th of February, 1846, the administrators presented their fourth account, which was allowed on the 12th of May following,

showing a balance in their hands, for the distribution of which no decree had been made; that, on the 7th of April, 1846, the plaintiffs presented their several petitions to the judge of probate, setting forth that Upson was indebted to them, respectively, as above mentioned, — that their claims had not been presented to the commissioners, in due form, for allowance, — that further assets had come to the hands of the defendants, since the last decree of distribution, — and praying that their claims might be allowed and paid according to law; that, on these petitions, such proceedings took place, that two of the former commissioners were appointed to receive and examine the claims of the petitioners and other creditors of Upson, whose claims had not been before presented; and that, on the 6th of April, 1847, the commissioners made their report, allowing the claims of the plaintiffs, as above stated, from which allowance the defendants appealed to this court.

In proof of the first ground of defence in their specification, the defendants offered evidence tending to show, as they contended, that no further assets had come to their hands, since the last decree of distribution; but the judge rejected the evidence, on the ground, that it was not competent to the defendants to take this objection.

In proof of their second ground of defence, the defendants introduced the report of the original commissioners of insolvency, returned and filed in the probate court, on the 4th of May, 1841, in which the commissioners, after making a general statement of their proceedings, report a list of claims presented and allowed or disallowed, numbered in order from No. 1 to No. 135, inclusive. Against Nos. 109 and 110 were the following entries made by the commissioners: " 109 Andrew G. Sharts, not allowed as on file ; — 110 John Ostrom, three notes withdrawn as on file not allowed." The claims thus referred to are the same which are the subjects of the present proceeding.

The plaintiffs thereupon offered in evidence certain documents, which were presented by their attorney and on their

behalf to the commissioners of insolvency, at a meeting held on the 23d of October, 1840. These documents contained certain memoranda, made thereon by the commissioners, at the time they were presented, which the plaintiffs also offered in evidence. These papers had been kept by the commissioners on their own files, and had never been returned to or filed in the probate court. The defendants objected to this evidence, as incompetent, but it was admitted. From these documents and the memoranda thereon, it appeared, that the claims of the plaintiffs were filed merely as notice, — that they were not adjudicated upon, — and that they were considered by the commissioners as withdrawn.

The judge also ruled, upon the third ground of defence specified, that the claims of the plaintiffs were not barred by the statutes of limitation.

The jury returned verdicts for the plaintiffs, for the amount of their respective claims, and the cases were then reserved for the consideration of the whole court, upon the exceptions of the defendants to the foregoing rulings.

*H. Byington*, for the defendants. 1. The claims of the plaintiffs are barred by the general statute of limitations. The word "actions," used therein, is intended to embrace every mode of enforcing or recovering a debt or demand, as, for instance, filing a claim in set-off, or before commissioners of insolvency. *Hunt* v. *Spaulding*, 18 Pick. 521; *Guild* v. *Hale*, 15 Mass. 455. The right to recover is barred by the lapse of time, whatever may be the form of proceeding. *Richmond, Pet'r.* 2 Pick. 567; *Grinnell* v. *Baxter*, 17 Pick. 383. If not barred by the general statute of limitations, or by the statutes relating to the limitation of claims against insolvent estates (Rev. Sts. *c.* 68, §§ 4, 20), or of proceedings against executors and administrators (Rev. Sts. *c.* 66, §§ 3, 4), then there is no limitation as to claims of this description. From the case of *Holland* v. *Cruft*, 20 Pick. 321, it may be inferred, that such claims are barred by the general statute of limitations.

2. It appeared by the report of the first commissioners, that

these claims had been presented, acted upon, and disallowed. If so, they could not be brought forward a second time. The evidence explanatory of the report ought not to have been admitted, as it made no part of the official proceedings of the commissioners, but consisted of mere private memoranda of their own.

3. The proceedings in this court, on an appeal from the court of probate, are not according to the strict course of the common law, but as in the supreme court of probate. The point, therefore, that no further assets had come to the hands of the defendants, was well open to them on this appeal.

*H. W. Bishop & I. Sumner*, for the plaintiffs. 1. The plaintiffs presented their petitions to the probate court, on the ground, that further assets had come to the hands of the administrators; and the probate court, by allowing the petitions, adjudicated upon and settled that fact affirmatively. The defendants made no objection, and interposed no appeal, and are now estopped to deny that such was the fact.

2. The statutes of limitation contain no provisions, which, in express terms, or by necessary implication, deprive the plaintiffs of their right to proceed in the probate court. Nor is there any reason, from the nature of the subject, why these claims should be barred. An administrator is but a trustee for the distribution of the funds in his hands, and is liable for funds received even more than twenty years after a settlement of the estate. *White* v. *Swain*, 3 Pick. 365. But such distribution might be effectually prevented, if the claims of creditors were barred by the statutes of limitation.

3. The plaintiffs are not precluded by the proceedings before the first commissioners. The record of the probate court shows, that these claims were before those commissioners, and were "not allowed as on file." Referring to the files, it appears, that these claims were presented merely for the purpose of giving notice that such claims were in existence, and might be brought forward. It thus appears, that they were never acted upon, much less disallowed.

SHAW, C. J. One of the objections urged in the present

case, against the right of the plaintiffs to recover, was, that no additional funds had come to the hands of the administrators; and, on the trial, the court ruled that this question was not open to the defendants. We are now called upon to revise that decision, and the question is, whether it is competent for this court, upon an appeal from the decision of the commissioners, allowing the claims of the plaintiffs, to go into and consider the question of fact, upon which the judge of probate opened the commission. The statute (Rev. Sts. c. 68, § 20) provides, that every creditor of an insolvent estate, who shall not present his claim for allowance to the commissioners, shall be forever barred from recovering the same, "unless further assets of the deceased shall come to the hands of the executor or administrator after the decree of distribution," in which case, the claim may be proved, allowed, and paid, in the same manner as claims for contingent debts. Whenever a creditor applies to the judge of probate, under this provision, his petition must set forth a case, which brings him within the exception, namely, he must allege that further assets have come to the hands of the executor or administrator, and he must substantiate this allegation by proof. This may be a very difficult question to decide. The assets of the estate may have consisted in part of doubtful claims, which, in the final settlement, have been treated as worthless. But some one of the debtors comes to an estate, and is able to pay. Assets may thus come to the hands of the executor sufficient to pay all the debts. The creditors thereupon petition the judge of probate to open the commission, on the ground of the newly discovered assets. We think this is a judicial question for the decision of the judge, and that his decision thereon is final and conclusive, unless appealed from by the party against whom it is made. If the defendants were dissatisfied with the decision of the judge in the present case, an appeal should have been taken at the time. The question whether this was a case for opening the commission should have been made then and in the manner suggested. It is now too late. The present is not

an appeal from the decision of the judge of probate, opening the commission, but an appeal from the decision of the commissioners, allowing the claims of the plaintiffs.

A second objection was, that these claims are barred by the statutes of limitation. But, we think, that neither the general provision of the statute (c. 120, § 1), nor that by which proceedings against executors and administrators are limited to two years and thirty days (Rev. Sts. c. 120, § 10), is applicable to the case of a creditor of an insolvent estate ; for the reason, that such creditor cannot bring an action, but is only entitled to file his claim before the commissioners, within the time allowed by law. When the commission is closed, every creditor, who has not proved his claim, is forever barred, unless he brings himself within the exception, that is, unless he proves that further assets have come to the estate. If such a creditor proves that further assets have been received, he is then entitled to proceed with his claim in the manner provided by the statute. We think the claims of these plaintiffs are not barred by the statutes of limitation.

The remaining question is, whether these claims have been adjudicated upon and disallowed by the first commission. The suggestion is, that they were presented to the commissioners, and were not allowed, and were thus adjudicated upon. The facts appear to be, that, under the second specification of defence, the defendants produced from the records of the probate court the report of the commissioners containing a list of the claims presented to them, with a memorandum against each of the decision of the commissioners relative thereto. Against the claims of the plaintiffs were written the words " not allowed as on file." The phrase " not allowed " is equivocal, and the words " as on file " refer to something else as explanatory of the short entry. It is true, that a written document is not to be explained by parol evidence ; but, where a written document refers to something else, for explanation, that becomes competent evidence, whether it be parol or in writing, as a part of such written document. The files of the commissioners, thus referred to, being produced,

it appears therefrom, that these claims were not adjudicated upon, but were filed merely as notice that such claims were in existence, and that, when the report was made, they were considered as withdrawn. The report was not a judgment, but was open to explanation by extraneous proof, as already stated. The claims of the plaintiffs are consequently well proved, and judgment must be entered accordingly, and the cases remitted to the probate court for further proceedings.